FILED
May 20, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001843477



SUNTAG & FEUERSTEIN
A Professional Corporation
ABRAM S. FEUERSTEIN (State Bar No. 133775)
The Kress Building
20 N. Sutter Street, 4th Floor
Stockton, CA 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for
Gary R. Farrar, Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HUMBERTO MICHAEL CENTENO and<br>KIMBERLY SUE CENTENO,<br><br>    Debtors. | Case No. 09-90960-D-7<br><br>Chapter 7<br><br>DC No. SF-3<br><br>MOTION TO ABANDON REAL PROPERTY<br><br>Date: June 10, 2009<br>Time: 10:30 am<br>Dept.: D, 2nd Floor<br>Hon. Robert S. Bardwil<br>US Bankruptcy Court<br>1200 - I Street<br>Modesto, CA |

    Gary R. Farrar, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Humberto Michael Centeno and Kimberly Sue Centeno (the "Debtors"), hereby moves the Court for authority to abandon real property of the bankruptcy estate

MOTION TO ABANON REAL PROPERTY                    -1-

located at and commonly known as 6521 Tassle Circle, Hughson, California (the "Property") on the grounds that the realty is of inconsequential value or benefit to the estate and/or is burdensome.

In support of the motion, Trustee respectfully represents the following:

1. The Debtors filed a voluntary Chapter 7 on April 9, 2009 in the Modesto Division of the United States Bankruptcy Court for the Eastern District of California. Gary R. Farrar is the Chapter 7 Trustee of the bankruptcy estate.

2. The Debtors disclosed in their bankruptcy schedules that they owned the Property. They assigned a value of $245,000 to the Property. [See Schedule A - Real Property]. The Debtors also disclosed secured debt of $377,377 owed against the Property, consisting of first and second mortgages owed to Washington Mutual Bank. [See Schedule D - Creditors Holding Secured Claims, filed April 14, 2009].

3. The Debtors did not claim any exemption in the Property. [See Schedule C - Property Claimed as Exempt].

4. Washington Mutual, through its successor in interest, JP Morgan Chase Bank, has filed a stay relief motion seeking to exercise its non-bankruptcy remedies against the Property. [See generally, DC No, KAT-1, filed May 13, 2009]. The motion is set to be heard by the Court on June 10, 2009.

5. Trustee believes that the Debtors' valuation of the Property is likely appropriate and, therefore, the Property does not have equity for the bankruptcy estate. [See

MOTION TO ABANDON REAL PROPERTY -2-

Declaration of Gary R. Farrar in Support of Motion filed herewith (the "Farrar Declaration"), Par. 6].

6. Section 554(a) of the Bankruptcy Code provides that a trustee, after notice and a hearing, may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

7. Trustee believes that in the event there are other assets to administer in the bankruptcy case, the continued ownership of the Property by the bankruptcy estate may jeopardize such recoveries. [Farrar Declaration, Par. 7]. Trustee does not believe that in the current real estate market, the Property will increase in value over the estimated time of administration for the bankruptcy estate. Moreover, foreclosure of the Property may result in negative tax consequences for the estate. [Farrar Declaration, Par. 7].

8. Hence, the Property is of inconsequential value and benefit to the estate and is burdensome.

WHEREFORE, Trustee respectfully requests that the Court authorize Trustee to abandon the Property and that the Property be ordered abandoned.

DATED: May 19, 2009        SUNTAG & FEUERSTEIN
                           A Professional Corporation


                           By_____
                              Abram S. Feuerstein
                              Attorneys for Trustee